## LAFAYETTE RANNEY *v.* JAMES S. GWYNNE.

Where issue has been joined, in a justice's court, and the cause adjourned for trial, the defendant is not entitled, as a matter of right, to a further adjournment, on the ground that his counsel is engaged in another court.

An error of a justice, in receiving evidence of the execution of an instrument without the production of the subscribing witness, is not available to an appellant, unless it appears, from the return, that an objection was taken at the trial.

A receipt may be explained.

THE plaintiff brought suit in the Sixth District Court, as assignee of a claim for medical services. On the return of the summons, the parties appeared, the defendant being accompanied by his attorney, and joined issue, when the justice directed an adjournment for trial. On the adjourned day, the plaintiff attended with his witnesses and took judgment. The defendant was absent, but counsel appeared for him, unprepared for trial, and applied for a further adjournment on the ground that the attorney having the case in charge was engaged in trying a cause in another court. The application was denied, whereupon the counsel, thus specially employed to ask a postponement, participated in the proceedings so far as to cross examine the plaintiff's witnesses and to produce a bill received by the assignor.

The assignment was a sealed instrument, executed in the presence of a subscribing witness, but was admitted in evidence upon the sole testimony of the assignor, without objection to this mode of proving its execution, so far as appeared in the justice's return.

The receipted bill above referred to, was dated in May, 1851, while a part of the services for which the plaintiff claimed were rendered between that time and the preceding January. The assignor explained that this bill was for 1850, and that, at the time it was paid in May, he had not rendered his account for the then current year, 1851.

*Wm. D. Booth*, for the appellant.

*R. F. Andrews*, for the respondent.

BY THE COURT. DALY, J.—The defendant was not entitled to an adjournment, as a matter of right, because his counsel was engaged or absent, and the refusal of the justice to grant it, furnishes no ground for reversing the judgment.

No objection appears to have been taken to the proof of the assignment. Unless it appear by the return that an objection was made upon the trial, the point is not available upon appeal. *Non constat*—but the plaintiff, had the objection been made, would have supplied the necessary proof.

The assignor proved that he rendered medical services in the defendant's family, in the year 1850 and 1851, to the amount of $40. A payment of $17 was admitted, and the plaintiff's claim was limited to the residue. Any presumption that might have arisen from the date of the receipt for the $17 was removed by the testimony of the assignor, and a receipt is always open to explanation.

The judgment should be affirmed.